IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| ARTURO SALAZAR, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL No. 2:20-CV-036-Z |
| | § | (CRIMINAL No. 2:16-CR-072-D-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 2) ("Motion"). Petitioner signed his motion on August 16, 2019. *See id.* at 12. However, the Motion was not received for filing until February 14, 2020. *See id.* at 1. The Respondent filed a Response to the Motion. *See* ECF No. 7. No reply was ever filed. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### BACKGROUND

Petitioner moves to set aside his conviction and sentence. On September 11, 2017, following a suppression hearing and pretrial conference, Petitioner pleaded guilty to two counts of the superseding indictment: possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See* CR ECF No. 63 at 1–2 (Factual Resume).[1] Petitioner was sentenced to 188 months in prison and a supervised release term of five years

---

[1] Record citations to Petitioner's underlying criminal case, *United States v. Salazar*, 2:16-CR-072-Z-BR shall be to "CR ECF No." throughout this Opinion.

for count one and 60 months in prison for count two to run consecutively to the 188 month term. CR ECF No. 72 at 2 (Judgment). Petitioner filed an appeal, and the Fifth Circuit affirmed the decision of the district court. *See* ECF Nos. 74, 85–86.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 Motion, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

In his first ground for relief, Petitioner alleges that his plea to count two of the superseding indictment is unconstitutional in light of the Supreme Court's decision in *Shular v. United States*, – U.S. –, 140 S. Ct. 779 (2020). *See* ECF No. 2 at 4. Petitioner claims that the statute, 18 U.S.C. § 924(c), is unconstitutionally vague and his conviction for the "use" of a firearm in furtherance of a drug trafficking crime is now invalid. *See id.*

*Shular* affects sentencing a defendant under the Armed Career Criminal Act ("ACCA"), specifically individuals charged under 18 U.S.C. § 924(e). *Shular*, 140 S. Ct. at 784, (defining a "serious drug offense" for purposes of § 924(e)). In fact, the case does not discuss Section 924(c) of the code at all. Petitioner's assertion that the case renders all subsections of the Title 18, United States

Code, Section 924 unconstitutionally vague is without merit and is not supported by any legal authority. *See id.* Therefore, Petitioner's first ground of relief is **DENIED**.

Petitioner next alleges that he received ineffective assistance of trial counsel on appeal. ECF No. 2 at 5. Petitioner claims that his confession and inculpatory statements were obtained in violation of his *Miranda* rights. *See id.* Appellate counsel performs deficiently only by failing to identify "[s]olid, meritorious arguments based on directly controlling precedent." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Here, as Respondent aptly notes, Petitioner failed to allege any meritorious appeal issue that counsel should have raised. *See* ECF No. 7 at 9. Petitioner did not preserve error under *Miranda* for appellate review because he accepted a guilty plea waiving any such claims. *See id.*; *see also* CR ECF No. 63. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, Petitioner's second ground for relief is without merit and is **DENIED**.

Petitioner's final ground for relief is that there was an inadequate factual basis for count two of his plea and his counsel was therefore deficient in advising him to accept the plea offer. ECF No. 2 at 6–8. Petitioner claims that the underlying factual predicate for his gun charge was not a "drug trafficking crime" sufficient to support a stacked five-year sentence under 18 U.S.C. § 924(c). *See id.* The Court agrees with the Respondent's argument that the predicate offense supports the gun charge and resultant sentence.

> ... [a] "drug trafficking crime" is defined under Section 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.)[.]" Salazar's predicate offense of possession of methamphetamine with intent to distribute—described under 21 U.S.C. §§ 841(a)(l) and (b)(1)(A)(viii)—clearly meets the statutory definition. Because Salazar's claim is meritless, he cannot show that counsel was ineffective for failing to raise it. *See United States v. Kimler*, 167 F.3d 889,

3

893 (5th Cir. 1999) (observing that "an attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

ECF No. 7 at 10. For these reasons, the Court finds Petitioner's third ground of relief is without merit and is **DENIED**.

**CONCLUSION**

For the reasons set forth above, the Motion is **DENIED**.

**SO ORDERED.**

March **6**, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE